Vista Eng'g Corp. v Everest Indem. Ins. Co. (2019 NY Slip Op 01813)





Vista Eng'g Corp. v Everest Indem. Ins. Co.


2019 NY Slip Op 01813


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-03825
 (Index No. 6960/15)

[*1]Vista Engineering Corporation, et al., appellants,
v
Everest Indemnity Insurance Company, respondent, et al., defendants.


Baxter Smith & Shapiro, P.C., Hicksville, NY (Sim R. Shapiro and Bryan R. Forbes of counsel), for appellants.
Kennedys CMK, LLP, New York, NY (Ann M. Odelson of counsel), for respondent.



DECISION & ORDER
In an action for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated January 30, 2017. The order denied the plaintiffs' motion for summary judgment declaring that the defendant Everest Indemnity Insurance Company did not issue a timely disclaimer of coverage in connection with an underlying action entitled Fernandes v Vista Engineering Corporation, commenced in the Supreme Court, Queens County, under Index No. 6116/12, and is obligated to defend and indemnify the plaintiffs in the underlying action, and granted that defendant's cross motion for summary judgment declaring that it is not obligated to defend or indemnify the plaintiffs in the underlying action.
ORDERED that the order is modified, on the law, (1) by adding the words "without prejudice to renewal upon the completion of discovery" after the words "the plaintiff[s'] motion is denied" in the penultimate paragraph thereof, and (2) by deleting the provision thereof granting that defendant's cross motion for summary judgment declaring that it is not obligated to defend or indemnify the plaintiffs in the underlying action, and substituting therefor a provision denying that cross motion without prejudice to renewal upon the completion of discovery; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
The plaintiff Vista Engineering Corporation (hereinafter Vista) was hired as a general contractor for a project at an elevated structure known as the Queensboro Plaza Station. Vista then subcontracted work to the defendant East Coast Painting & Maintenance (hereinafter East Coast). The subcontract identified the project owner as the plaintiff Metropolitan Transportation Authority (hereinafter MTA) and the "Architect/Engineer" as the plaintiff New York City Transit Authority (hereinafter NYCTA). The subcontract contained an indemnity/hold harmless clause and required East Coast to procure an insurance policy that named Vista and MTA as additional insureds.
The defendant Everest Indemnity Insurance Company (hereinafter Everest), a New Jersey insurance company, issued a commercial general liability policy to East Coast, a New Jersey limited liability company, covering the period of July 6, 2010, to July 6, 2011. Thereafter, an additional insured endorsement was issued naming NYCTA and MTA as additional insureds.
On April 19, 2011, East Coast employee Jose Fernandes was injured at the job. In March 2012, Fernandes commenced a personal injury action entitled Fernandes v Vista Engineering Corporation (hereinafter the underlying action), naming Vista, NYCTA, and MTA as defendants. [*2]On September 28, 2011, Vista's insurer, Argonaut Insurance Company, through its claim administrator Colony Specialty, tendered the underlying action to Everest, seeking for Vista a defense and indemnification for the action commenced by Fernandes. By letter dated December 5, 2011, FARA Insurance Services, a third-party claims administrator for Everest, disclaimed defense and indemnity to Vista, based upon a "Third Party Action Over Exclusion Endorsement" in the policy, which excluded coverage for bodily injury to employees of East Coast. Vista, MTA, and NYCTA (hereinafter collectively the plaintiffs) then commenced this action for declaratory relief. The plaintiffs moved for summary judgment declaring that Everest did not issue a timely disclaimer of coverage in connection with the underlying action as required by Insurance Law § 3420(d)(2) and is obligated to defend and indemnify the plaintiffs in the underlying action. Everest cross-moved for summary judgment declaring that it is not obligated to defend or indemnify the plaintiffs in the underlying action. The Supreme Court denied the plaintiffs' motion and granted Everest's cross motion. The plaintiffs appeal.
Subsequent to the Supreme Court issuing the order appealed from, the Court of Appeals, on November 20, 2017, issued its decision in Carlson v American Intl. Group, Inc. (30 NY3d 288, 306). In relevant part, the Court of Appeals held that "section 3420 applies to policies that cover insureds and risks located in the state" of New York, and further determined that a company was "located in" New York if it had a "substantial business presence" there (id. at 305, 306). Upon the record before us, we cannot determine whether East Coast had a substantial business presence in New York (see Vista Eng'g Corp. v Everest Indem. Ins. Co., 161 AD3d 596). Since the record is insufficiently developed concerning East Coast's business presence in New York, we remit the matter to the Supreme Court, Queens County, to allow the parties to conduct further discovery, develop the record, and give the Supreme Court an opportunity to meaningfully review the case.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court